| | |
|---|---|
| SORPTIVE MINERALS INSTITUTE, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) **No. 24-1889** ) |
| MINE SAFETY & HEALTH ADMINISTRATION and JULIE SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) ) ) ) |
| Respondents. | ) ) |

## PETITIONERS' UNOPPOSED MOTION FOR FOUR-MONTH ABEYANCE OF LITIGATION

Petitioners Sorptive Minerals Institute (SMI) and Blue Mountain Production Company (Blue Mountain) respectfully request a four-month abeyance of the above-captioned consolidated litigation, until August 18, 2025. This abeyance will align and run consecutively with the four-month enforcement pause of the April 14, 2025 compliance deadline for the Mine Safety and Health Administration's (MSHA's) new rule, entitled, "Lowering Miners' Exposure to Respirable Crystalline Silica and Improving Respiratory Protection" (New Silica Rule).

In her recent filing, the Secretary of Labor indicated Respondents' agreement with a limited four-month abeyance. (*See* Resp. to Motion for Stay, filed April 9, 2025) ("the Secretary does not object to placing this litigation in abeyance pending the Secretary's resumption of enforcement on August 18, 2025.") In addition, Petitioners in 24-2661 consent to this motion, contingent upon the issuance of a judicial stay of the compliance deadlines established by the New Silica Rule (stay motion currently pending before the Court).

Due to the flux in personnel accompanying the recent change in administrations, the Petitioners have not had a full opportunity to engage in substantive and authoritative discussions with the new Administration. An abeyance aligned with the four-month enforcement pause announced and enacted by the Secretary on Wednesday will provide the parties an opportunity to try to resolve the challenges to the New Silica Rule without further litigation, expense, and uncertainty, and conserve the judicial resources of this Court.

Wherefore, Petitioners respectfully request the Court GRANT this unopposed motion and place the case in abeyance for a period up to and including August 18, 2025, and order the parties to provide periodic

updates to the Court every sixty days, or any other period the Court prefers. Petitioners note that reply briefs are due in this case on April 21. They propose that reply briefs would be filed three weeks after the end of the abeyance.

**Dated:** April 11, 2025

                               Respectfully submitted,

                               */s/ Mark M. Trapp*
                               Mark M. Trapp
                               Kathryn McMahon
                               CONN MACIEL CAREY LLP
                               53 West Jackson Blvd.
                               Suite 1352
                               Chicago, Illinois 60604
                               (312) 809-8122
                               mtrapp@connmaciel.com
                               kmcmahon@connmaciel.com

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. Civ. P. 27(d)(2)(A) because this document contains 305 words excluding the parts of the document exempted by Fed. R. Civ. P. 32(f).

This document complies with the typeface requirements of Fed. R. Civ. P. 32(a)(5) and the type-style requirements of Fed. R. Civ. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook font.

/s/ Mark M. Trapp

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Mark M. Trapp