# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Sorptive Minerals Institute,

      Petitioner

  *v.*

Mine Safety and Health
Administration; Secretary of
Labor, United States Department
of Labor,

      Respondents

-----

National Stone, Sand & Gravel
Association, et al.,

      Petitioners

  *v.*

Mine Safety and Health
Administration, et al.

      Respondents

No. 24-1889

No. 24-2661

Sorptive Minerals Institute and
Blue Mountain Production
Company,

   Petitioners

  *v.*        No. 24-2663

Mine Safety and Health
Administration, et al.

   Respondents

## The Secretary's Status Report

On April 2, 2025, NSSGA Petitioners moved for a stay of the Silica Rule's (30 C.F.R. part 60) compliance deadlines, and for an emergency administrative stay of the compliance deadline (for coal mines) approaching on April 14, 2025. Docs. 5502800, 5502801. On April 11, 2025, Petitioner SMI filed a motion to hold the case in abeyance for four months. Doc. 5505429. On that same day, the Court granted both NSSGA Petitioners' stay motion and SMI's abeyance motion. Doc. 5505588. The Court further ordered the parties to file "a status report regarding the developments in the cases on June 10, 2025, and thereafter as requested." *Id.*

The consolidated petitions in this case seek review of the Silica Rule that Respondent Mine Safety and Health Administration ("MSHA") issued in April

2

2024. *See* 89 Fed. Reg. 28,218 (Apr. 18, 2024). MSHA announced a temporary four-month pause on enforcement of the Silica Rule on April 8, 2025. Doc. 5505028. The parties submitted an initial joint status report on June 10 and 11, 2025. Docs. 5525775, 5526280. The parties submitted a second joint status report on August 11, 2025. Docs. 5546608, 5546768. The Court ordered the parties to file a third status report by October 10, 2025. Doc. 5546704.

On October 1, 2025, the Secretary filed an unopposed motion for extension of time to file the third joint status report due to the lapse of appropriated funding on September 30, 2025, for the Department of Labor and its subagencies, including MSHA. Doc. 5563546.

The Court granted an extension the next day, on October 2, 2025, until the earlier of: (i) 21 days from the date of the order; or (ii) 14 days from the date Congress restores appropriations. The Court advised that if Congress had still not restored appropriations within 21 days from the date of the order, the Secretary was permitted to file a motion for further extension stating the reasons why such extension was necessary. Doc. 5563833.

On October 22, 2025, the Secretary filed another unopposed motion for extension of time due to the continued lapse in appropriations. Doc. 5570475. The Secretary requested an extension to file the status report until a date at least 14 days after the restoration of funding for the Department.

3

The Court granted that extension on October 24, 2025, and ordered the status report due 14 days from the date the lapse in appropriations ended. Doc. 5571592.

On November 12, 2025, government funding was restored to the Department, and the Department resumed normal operations on November 13, 2025.  The Secretary and Petitioner SMI filed a joint status report on November 26, 2025, which stated, "The Secretary will engage in limited rulemaking to reconsider and seek comment on portions of the Silica Rule impacted by the appeal." The Secretary also requested to provide status reports at 60-day intervals. Doc. 5582742. NSSGA Petitioners timely filed a separate status report the same day. Doc. 5582765. The Court acknowledged the Secretary's filing on December 2, 2025, and ordered the Secretary to file a status report regarding developments in the case by February 2, 2026. Doc. 5583573.

On January 30, 2026, the Secretary filed a status report notifying the Court that the Secretary continues to engage in limited rulemaking to reconsider and seek comments on portions of the Silica Rule impacted by this appeal. Doc. 5602822.

On February 4, 2026, the Court acknowledged the Secretary's filing on January 30, 2026, and ordered the Secretary to file a status report regarding developments in the case by April 6, 2026. Doc. 5604327.

Pursuant to the Court's February 4, 2026, order, the Secretary submits the

4

following Status Report:

The Secretary continues to engage in limited rulemaking to reconsider and seek comments on portions of the Silica Rule impacted by this appeal. Accordingly, in order to avoid an unnecessary expenditure of resources by the parties and the Court, the government, as it has in its previous filings, moves to have this appeal held in abeyance, with status reports due at 60-day intervals, from the date of this filing.

April 6, 2026                    Respectfully submitted,


*/s/ Brad J. Mantel*
BRAD J. MANTEL
200 Constitution Ave. NW
Suite N4420-N4430
Washington, DC 20210
T: (202) 693-9331
mantel.brad.j@dol.gov

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
DIVISION OF MINE SAFETY &
HEALTH
*Counsel for MSHA and the
Secretary of Labor*

Appellate Case: 24-2663    Page: 5    Date Filed: 04/06/2026 Entry ID: 5625926

**Certificate of Service**

I hereby certify that on April 6, 2026, I electronically filed the foregoing Joint Status Report with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. All parties are represented by counsel and are registered CM/ECF users.

/s/ Brad J. Mantel